# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In Re:** <br><br> **Hoku Corporation,** <br><br>              **Debtor.** | **Bankruptcy Case No. 13-40838-JDP** |

_____

| | |
|---|---|
| **R. Sam Hopkins** <br> **Chapter 7 Trustee,** <br><br>              **Plaintiff,** <br><br> vs. <br><br> **M & A Ventures, dba Hiwide Transport Ltd., a Colorado limited company; and John Does 1-10** <br><br>              **Defendant.** | **Adv. Proceeding No. 15-08043-JDP** |

_____

### MEMORANDUM OF DECISION
_____

**Appearances:**

      Robert J. Maynes, Idaho Falls, Idaho, Attorney for Plaintiff.

MEMORANDUM OF DECISION – 1

*Introduction*

In this and several other similar adversary proceedings, the Plaintiff, chapter 7[1] trustee R. Sam Hopkins, has asked the Court to enter a default judgment against the Defendant avoiding certain prebankruptcy transfers made by the Debtor, Hoku Corporation, to Defendant to pay the debts of a related company, Hoku Materials. *See* Mot. for Default J., Dkt. No. 10 (the "Motion"); Aff. in Supp. of Default J. at 2-3, Dkt. No. 11. Plaintiff has alleged in his complaint that Debtor's payments to Defendant constitute constructively fraudulent transfers under Idaho law, and that as trustee, he may avoid them under §§ 544(b)(1) and 550 of the Bankruptcy Code. Am. Compl. at 13-14, Dkt. No. 5. After a hearing and due consideration of Plaintiff's request, the Court concludes that Plaintiff has established an adequate legal and factual basis to support entry of a default judgment against Defendant, and that the Court possesses the constitutional power to do so. Therefore, the Court concludes that Plaintiff's Motion should be

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037.

MEMORANDUM OF DECISION – 2

granted.

### *Entry of Default Judgment*

**1.  Plaintiff has demonstrated that the motion for default judgment should be granted.**

In these actions, Plaintiff has adequately demonstrated that Defendant was properly served with a summons and a copy of the complaint, and that no response, timely or otherwise, has been made to that complaint by Defendant.  Dkt. No. 7; Aff. in Supp. of Summ. J. at 2, Dkt. No. 11; Fed. R. Civ. P. 4.1.  A clerk's default, required under Fed. R. Civ. P. 55(a), and made applicable to this proceeding pursuant to Rule 7055, has been duly entered in this action.  Dkt. No. 6.  And, at the hearing concerning Plaintiff's Motion, the Court, after considering Plaintiff's evidence, together with the well-pled allegations of the complaint, tentatively decided that Plaintiff's claim for relief against Defendant was justified.  Dkt. No. 17.  It did so because, based on the record, the transfers were made by Debtor to Defendant during the applicable window of time before the bankruptcy case was filed, at a time that Debtor was insolvent,

MEMORANDUM OF DECISION – 3

and that, consequently, the subject transfers are recoverable by Plaintiff by exercising his statutory avoiding powers.  Dkt. No. 17; *see* § 544(b)(1) and Idaho Code §§ 55-913(b), 55-914.

From the Court's perspective, Plaintiff's Motion is ripe, proper and should be granted.  However, in light of the several decisions of the U.S. Supreme Court and the Ninth Circuit Court of Appeals, the Court must determine whether it has the constitutional authority to grant Plaintiff's Motion and to enter a final default judgment against Defendant under these circumstances.

**2.    The Court has the constitutional authority to enter the default judgment against Defendant.**

While these adversary proceedings are "core proceedings" under 28 U.S.C. § 157(b)(2)(H), even so, under Ninth Circuit case law, Plaintiff's claim against Defendant constitutes a so-called *Stern* claim.[2]  *In re*

---

[2]  The term *"Stern* claim" stems from the Supreme Court's decision in *Stern v. Marshall*, 131 S.Ct. 2594 (2011).  A *Stern* claim is one "designated for final adjudication in the bankruptcy court as a statutory matter, but prohibited from proceeding that way as a constitutional matter."  *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1941 (2015).

MEMORANDUM OF DECISION – 4

*Bellingham Ins. Agency, Inc.*, 702 F.3d 553, 565 (9th Cir. 2012) *aff'd sub nom. Exec. Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165 (2014) (holding that bankruptcy courts do not have the constitutional authority to enter final judgments on fraudulent conveyance claims against noncreditors).  As a result, under the case law, this Court can not enter a final judgment in this action without the parties' consent.  28 USC § 157(c)(2); *Wellness*, 135 S. Ct. at 1949 (holding that Article III of the Constitution permits bankruptcy courts to decide *Stern* claims with the parties' consent).  While Plaintiff has so consented, the non-appearing Defendant has not, at least not expressly. Does Defendant's failure to appear in this action after being properly served with a summons which required it to defend against Plaintiff's claim, constitute implied consent?

    The Supreme Court in *Wellness*, and before it, the Ninth Circuit in *Bellingham*, both instructed that the "consent" needed to allow the Court to enter a final judgment resolving a *Stern* claim need not be express, but can instead be implied from the facts and circumstances in a case.  *Wellness*, 135 S. Ct. at 1947; *Bellingham*, 702 F.3d at 569.  However, in those two cases,

MEMORANDUM OF DECISION – 5

the defendant had appeared and participated in the litigation, and yet failed to request that the issues be adjudicated in an Article III court, such that the question was whether the defendants had waived the right to an Article III judge. *Wellness*, 135 S.Ct at 1940-1941 (noting that the defendant had filed an answer and complied with some discovery obligations imposed by the bankruptcy court); *Bellingham*, 702 F.3d at 568 (noting that the defendant had failed to object to the bankruptcy judge's authority, affirmatively assented to suspend its demand for a jury trial in district court so the bankruptcy judge could adjudicate the claim, and failed to raise the constitutional issue on appeal until after briefing was complete). Here, in contrast to those facts, Defendant has completely failed to respond or defend against Plaintiff's allegations.

Do these circumstances justify a finding of implied consent? Put another way, can a defendant also forfeit its right to an Article III judge.[3]

---

[3] *See Pringle v. Rainsdon (In re Pringle)*, 495 B.R. 447, 460 (9th Cir. BAP 2013) (explaining that while "waiver" is the intentional relinquishment or abandonment of a known right, "forfeiture" describes a party's failure to timely assert a right).

MEMORANDUM OF DECISION – 6

The Ninth Circuit's Bankruptcy Appellate Panel, pre-*Wellness*, has hinted that the right to contest a matter in an Article III forum may also be forfeited by simply failing to participate in the bankruptcy court action at all. *In re Pringle*, 495 B.R. at 460 ("That forfeiture might be sufficient is foreshadowed by *Bellingham* itself, which quotes *Olana* when describing the actions relevant there." (citations omitted)). While the BAP's discussion of this point was likely *dicta,* at least one bankruptcy court has squarely addressed the very scenarios presented here, and has held, pre-*Wellness*, that a defaulting defendant may be deemed to have consented to the bankruptcy court's authority to enter a default judgment by failing to appear and defend in an adversary proceeding. *In re Oldco M Corp.*, 484 B.R. 598, 614 (Bankr. S.D.N.Y. 2012) ("[D]efendant's actions, or lack thereof . . . constitute implied consent to the entry of a default judgment by a bankruptcy judge.")

So, should the Court enter the default judgment requested by Plaintiff in this action? Or should the Court decline to act on Plaintiff's Motion, and thereby effectively require Plaintiff to ask the Article III

MEMORANDUM OF DECISION – 7

district court to grant his Motion, even though Defendant has not requested that relief?  While it is perhaps a close question, this Court comfortably decides to do the former, that is to grant Plaintiff's Motion, and leave it to Defendant to seek relief in the district court when, and if, it is ever motivated to seek Article III involvement.  Here's why.

First of all, this Court adopts the reasoning in the *Oldco* decision wherein the bankruptcy court decided that, indeed, bankruptcy judges have the constitutional authority to enter a default judgment under these circumstances.  As in that case, here, Defendant was properly served with a summons which conspicuously admonished that:

> IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

*Oldco M Corp.*, 484 B.R. at 601; Summons at 1, Dkt. No. 6.  In the Court's opinion, whatever legal or other interests that may require an Article III judge to enter a final judgment absent the parties' consent are more than adequately served and protected by this sort of plain, bold warning to

MEMORANDUM OF DECISION – 8

Defendant that its silence will be interpreted as consent to entry of a default judgment by the bankruptcy court.

This "scream or die" approach, which construes the lack of a party's timely objection after fair notice as implied consent, is a critical part of the procedural bedrock in America's bankruptcy courts.[4]  Here, since it received the summons and complaint, Defendant is presumably aware not only of the existence of this adversary proceeding and Plaintiff's claim, it must be assumed Defendant is aware of its legal right to appear and defend against that claim.  The summons conspicuously warned Defendant that, if it elected to do nothing, "the bankruptcy court" would consider its inaction as its consent to enter a default judgment against Defendant "for the relief demanded in the complaint," *i.e.*, a final money judgment avoiding the subject transfers.

---

[4] *See* § 102(1) (providing that when a provision of the Code requires "notice and a hearing" as a condition of granting the requested relief, the Court is authorized to act on that request without an actual hearing if notice is properly given and a hearing is not timely requested by a party in interest).

MEMORANDUM OF DECISION – 9

The Court acknowledges the guidance provided in *Wellness* that, in gauging whether a party has consented to entry of a final judgment by a "non-Article III adjudicator" in bankruptcy cases, the question is whether that consent is "knowing and voluntary." However, as noted above, *Wellness* explored the manner in which a litigating party might waive its right to an Article III judge; the Court did not discuss how that right might be forfeited by failure to appear and defend at all. Here, this Court concludes that, in light of the notice provided in the properly-served summons, Defendant's total failure to appear and defend can be presumed to satisfy the *Wellness* standard.

The Court has a second reason, of more practical importance, for deciding that it can properly grant Plaintiff's Motion. If Defendant at some later time feels its legal rights have been offended by the lack of an Article III judge's approval of the default judgment, it can always seek relief from that judgment. Rule 7055, (which incorporates Fed. R. Civ. P. 55(c). Indeed, in connection with its motion for relief from the default judgment, Defendant could ask the district court to withdraw the reference in this

MEMORANDUM OF DECISION – 10

adversary proceeding under 28 U.S.C. § 157(d) to consider its arguments. In this fashion, Defendant can access the Article III forum, and if the district court is persuaded to do so, that court can review the default judgment and act to correct any error by this Court in its entry.

To this Court, this approach is clearly preferable to requiring Plaintiff to first ask the district court if the bankruptcy court has the constitutional power to enter a default judgment in this referred action, and if this Court lacks that power, to ask the district court to enter that judgment.  It makes little sense to require that Plaintiff request "advice" from the district court as to the scope of this Court's powers.  In other words, why should this Court "recommend" that the district court enter a default judgment in this action, when this Court believes it has the constitutional authority to do so, and Defendant has not bothered to appear.  Defendant was properly served with a summons clearly warning that, if it failed to timely appear, the bankruptcy court could enter a default judgment against it.  That is exactly what should occur in this action.

MEMORANDUM OF DECISION – 11

*Conclusion*

Plaintiff's motion for entry of a default judgment will be granted.

Plaintiff's counsel shall submit appropriate findings of fact, conclusions of law, and an appropriate form of judgment for entry by this Court.

Dated:  December 10, 2015

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge